UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| RAJUL RUHBAYAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 17-175-DCR |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Rajul Ruhbayan is a federal prisoner who was recently confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Ruhbayan filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1]. For the reasons set forth below, Ruhbayan's petition will be denied.

Ruhbayan was convicted in the Eastern District of Virginia of conspiracy to commit perjury and obstruction of justice, witness tampering, perjury, suborning perjury, and obstruction of justice. *See United States v. Ruhbayan*, 369 F. App'x 497, 498 (4th Cir. 2010). The trial court sentenced Ruhbayan to life in prison, and the United States Court of Appeals for the Fourth Circuit affirmed that sentence. *See id.* at 498-500. Ruhbayan then filed a motion to vacate or set aside his sentence under 28 U.S.C. § 2255. The district court denied that motion, and the Fourth Circuit denied Ruhbayan a certificate of appealability. *See United States v. Ruhbayan*, 460 F. App'x 209 (4th Cir. 2011).

Ruhbayan previously filed a § 2241 petition with this Court, challenging his underlying sentence. This Court, however, denied Ruhbayan's petition, *see Ruhbayan v. Holland*, London Civil Action No. 6: 13-255-KKC (E.D. Ky. April 24, 2014), and the United States Court of Appeals for the Sixth Circuit affirmed that decision, explaining that Ruhabayan's claims were not cognizable in a § 2241 petition. *See Ruhbayan v. Holland*, No. 15-5322 (6th Cir. December 7, 2015).

Despite the Sixth Circuit's decision, Ruhbayan has now filed another § 2241 petition with this Court. [Record No. 1]. While Ruhbayan's petition is lengthy and very difficult to understand, it is clear that he is once again attempting to attack his underlying convictions and sentence. However, as the Sixth Circuit already explained to Ruhbayan, "[a]n attack on the validity of a conviction or sentence must be brought under § 2255 as opposed to § 2241." *Ruhbayan v. Holland*, No. 15-5322, at 2 (6th Cir. December 7, 2015).

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. But the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Here, although Ruhbayan cites various Sixth Circuit and Supreme Court decisions, his arguments are hard to follow and he has not demonstrated in any clear way that he meets the requirements set forth in either the *Wooten* or *Hill* cases. Accordingly, it is hereby

**ORDERED** as follows:

1.        Ruhbayan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

[Record No. 1] is **DENIED**.

2.   This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.   A corresponding judgment will be entered this date.

This 8th day of December, 2017.

Signed By:

*Danny C. Reeves* DCR

**United States District Judge**